UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL SUBLETT,<br><br>                Petitioner,<br><br>  v.<br><br>DONALD R. HOLBROOK,<br><br>                Respondent. | CASE NO. C17-5672 BHS<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 14), and Petitioner Michael Sublett's ("Sublett") objections to the R&R (Dkt. 15).

      On March 6, 2018, Judge Creatura issued the R&R recommending that the Court deny two of Sublett's claims on the merits and dismiss the third claim as unexhausted and procedurally barred. Dkt. 14. On March 19, 2018, Sublett filed objections. Dkt. 15.

      The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

      In this case, the Court finds that some of Sublett's objections have merit. First, however, the Court agrees with Judge Creatura that Sublett's ground for relief regarding

his counsel's failure to object to the prosecutor's closing argument is unexhausted and procedurally barred. Dkt. 14 at 15. Moreover, Sublett does not object to this portion of the R&R. Therefore, the Court adopts the R&R on this issue and dismisses this ground for relief.

Second, one of Sublett's other grounds for relief is whether his right to a fair trial was violated because he was fitted for a stun device during trial. The state court denied the claim because Sublett failed to show prejudice. Dkt. 7, Exh. 28 at 4. The R&R recommends denying the claim because there is no clearly established federal law on the use of stun devices. Dkt. 14 at 9–12. Sublett objects arguing that numerous authorities exist on the use of shackles and stun belts. Dkt. 15 at 2–4. Although these positions raise an interesting question as to the specificity of the relevant rule, the Court need not address this question. The state court adjudicated the claim on Sublett's failure to show prejudice, and Sublett has failed to show that the decision was unreasonable. *See* Dkt. 1 (petition); Dkt. 10 (traverse). Thus, the Court modifies the recommendation and denies the claim on the basis that Sublett has failed to show that the state court determination of no prejudice is either contrary to or an unreasonable application of federal law. *See*, *e.g.*, *Holbrook v. Flynn*, 475 U.S. 560, 572 (1986) ("if the challenged practice is not found inherently prejudicial and if the defendant fails to show actual prejudice, the inquiry is over.").[1]

---

[1] The Court is unaware of and Sublett has failed to cite any authority for the proposition that the use of a stun device is inherently prejudicial, which could implicitly be the basis for the R&R's recommendations on this issue.

Sublett also argues that he is not required to show prejudice on this issue because the stun device interfered with his right to counsel. Dkt. 15 at 9. Sublett, however, relies on authorities that addressed the trial court explicitly interfering with the defendant's ability to communicate with counsel. For example, in *Geders v. United States*, 425 U.S. 80 (1976), the trial court ordered that defendant could not consult with his counsel during an overnight recess. The Supreme Court concluded that this violated the defendant's right to the assistance of counsel and required reversal without any showing of prejudice. *Id*. at 91. Since *Geders*, the rule has evolved such that an "actual or constructive denial of the assistance of counsel altogether is reversible without a showing of prejudice." *United States v. Miguel*, 111 F.3d 666, 673 (9th Cir. 1997). Under this rule, Sublett has failed to show either an actual or constructive denial of counsel. In fact, the trial court found as follows:

> Mr. Sublett was able to assist his counsel at trial. They communicated regularly during the trial, during recesses, and otherwise. He and [his counsel] testified that they were seated approximately one foot apart at the counsel table. Mr. Sublett wrote a number of notes to [his counsel], and [counsel] read those notes.

Dkt. 9, Exh. 23 at 4, ¶ 4.2. In other words, the state appellate court relied on an unchallenged finding of fact by the state trial court. In the absence of any argument that this finding is an unreasonable determination of the facts in light of the record, this Court is bound by this finding as well. 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Therefore, Sublett's argument on this issue misses the mark.

Finally, Sublett argues that his counsel was ineffective for failing to object to the use of the stun device. Even if this failure fell below a reasonable standard of representation, which Sublett has failed to establish, Sublett has failed to show any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (the petitioner must show that the deficient performance prejudiced his defense so as to "deprive the defendant of a fair trial, a trial whose result is unreasonable."). Therefore, the Court having considered the R&R, Sublett's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and **MODIFIED in part**;

(2) Sublett's claim for ineffective assistance based on his counsel's failure to object to the prosecutor's closing argument is **DISMISSED** as unexhausted and procedurally barred;

(3) Sublett's other claims are **DENIED** on the merits;

(4) A Certificate of Appealability is **DENIED**; and

(5) The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 23rd day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge